Filing # 121720009 E-Filed 02/19/2021 01:29:52 PM
Case 2:21-cv-00243-JLB-MRM Document 33 Filed 03/22/21 Page 1 of 9 PageID 952

IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT
IN AND FOR LEE COUNTY, FLORIDA
CIVIL ACTION

VICTORIA ROSEMOND,

                              Case Number: 20-CA-5918

    Plaintiff,

v.

SURTERRA STAFFING, LLC.,

    Defendant.
_____/

## FIRST AMENDED COMPLAINT

Plaintiff, VICTORIA ROSEMOND, files this First Amended Complaint against Defendant Surterra Staffing, LLC (hereinafter referred to as "Surterra"), pursuant to the Florida Civil Rights Act of 1992, Florida Statutes §760.10, and states as follows:

### JURISDICTION AND VENUE

1. This is a civil action under The Florida Civil Rights Act of 1992, Florida Statutes §760.10, as amended.

2. This is an action for damages that exceed $30,000.00, exclusive of attorney's fees and costs.

3. Plaintiff Rosemond is an African American female, and at all times material hereto, Plaintiff was employed within Lee County, Florida, and was an "employee" as defined by the Florida Civil Rights Act, §760.02, FL. Stat.

4. Defendant, Surterra is a Foreign Limited Liability Corporation which at all times material hereto conducted business in Lee County, Florida and is an "employer" as defined

1

by defined by Fl. Stat. §760.02(7), Fl. Stat.

5. Plaintiff has completed all conditions precedent to this action by timely filing a charge of discrimination (attached hereto as Exhibit "A") with the Florida Commission on Human Relations pursuant to the agency work-share agreement. More than 180 days has elapsed since the filing of the charge and the Florida Commission on Human Relations has failed to conciliate or determine whether there is reasonable cause on Plaintiff's discrimination charge.

6. Venue properly lies in Lee County pursuant to the Florida Civil Rights Act as the county in which the discriminatory and retaliatory personnel action occurred.

## FACTUAL ALLEGATIONS

7. Rosemond was initially hired by Defendant in June of 2018 as a mobile coordinator in Lehigh Acres, Florida. Plaintiff continued to work for Defendant in this capacity and performed her assigned job duties in a satisfactory manner through the date of her termination.

8. In approximately October of 2018, Plaintiff's supervisor began to subject Plaintiff to harassment and disparate treatment based upon her race. At that time, and through the date of her termination, Plaintiff was the only African American employee of Defendant employed in Lehigh Acres.

9. In approximately December of 2018 Plaintiff's supervisor confronted Plaintiff about her sex, and specifically her sexual orientation, as Plaintiff's supervisor made derogatory remarks about Plaintiff being involved in a personal relationship with another

2

woman.

10. From approximately October of 2018, and continuing through the date of her termination, Plaintiff was repeatedly subjected to harassment and disparate treatment based upon her race and sex, which included, but was not limited to; being written up and disciplined for reasons that her co-employees were not written up or disciplined; having her work hours reduced and being denied the opportunity to work additional hours despite co-employees offering additional work hours they did not want to work; being denied training and assistance from supervisors despite requests for such training and assistance, to which other employees did receive upon request; and repeatedly being denied break times or meal times which co-employees were provided and permitted to take.

11. The harassment and disparate treatment continued despite Plaintiff's objections, and on approximately June 19, 2019 Plaintiff contacted her supervisor, and while objecting to the ongoing treatment and harassment, specifically asked her supervisor for the appropriate contact person for corporate Human Resources to report the supervisors conduct.

12. On or about June 20, 2019, the very next day after Plaintiff's attempt to report the supervisor's unlawful harassment and conduct to Human Resources, Plaintiff's employment was terminated by Defendant, citing work performance issues, which Plaintiff disputes.

13. Rosemond is an otherwise qualified employee of Defendant and at all times material hereto, duly and faithfully performed the job duties assigned to her.

3

## COUNT I: VIOLATION OF FLORIDA STATUTES §760.10, RACE

14. Rosemond realleges paragraphs 1 through 13 as if fully set forth herein.

15. Defendant discriminated against Plaintiff on the basis of her race, including but not limited to, the harassment and disparate treatment which Plaintiff was subjected to, as well as the termination of Rosemond's employment. These actions were discriminatory with respect to compensation, terms, conditions, and privileges of Plaintiff's employment and done in violation of § 760.10(1)(a) and (b), Florida Statutes.

16. The employment practices complained of herein were unlawful and were done with malice and reckless indifference to Plaintiff's protected rights under the Florida Civil Rights Act of 1992.

17. The effect of these unlawful employment practices by Defendant has been to deprive Plaintiff of equal employment opportunities and other terms, conditions, and privileges of her employment.

18. As a direct result of the discriminatory conduct of Defendant, Plaintiff has suffered mental anguish, emotional harm, loss of gainful employment, and loss of employment earnings, income and benefits.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgement against the Defendant and:

a. Direct the Defendant to make Plaintiff whole by providing her with appropriate lost earnings, wages, and benefits, with prejudgment interest, in amounts to be proved at trial, and otherwise affirmative relief necessary to eradicate the effect of its unlawful

employment practices;

b. Direct the Defendant to make Plaintiff whole by providing compensation for pecuniary losses, in amounts to be proved at trial;

c. Direct the Defendant to make Plaintiff whole by providing her with compensation for non-pecuniary losses, including emotional pain, suffering, and mental anguish in amounts to be proven at trial;

d. Direct the Defendant to pay punitive damages for the Defendant's unlawful and intentional employment practices;

e. Direct the Defendant to pay the reasonable costs and attorney's fees under Section 760.11 Florida Statutes, in connection with this action.

f. Grant such further relief as the Court deems necessary and proper. Plaintiff demands a jury trial on all issues so triable.

## COUNT II: VIOLATION OF FLORIDA STATUTES §760.10, SEX

19. Rosemond realleges paragraphs 1 through 13 as if fully set forth herein.

20. Defendant discriminated against Plaintiff on the basis of her sex, including but not limited to, the harassment and disparate treatment which Plaintiff was subjected to, as well as the termination of Rosemond's employment. These actions were discriminatory with respect to compensation, terms, conditions, and privileges of Plaintiff's employment and done in violation of § 760.10(1)(a) and (b), Florida Statutes.

21. The employment practices complained of herein were unlawful and were done with malice and reckless indifference to Plaintiff's protected rights under the Florida Civil

5

Rights Act of 1992.

22. The effect of these unlawful employment practices by Defendant has been to deprive Plaintiff of equal employment opportunities and other terms, conditions, and privileges of her employment.

23. As a direct result of the discriminatory conduct of Defendant, Plaintiff has suffered mental anguish, emotional harm, loss of gainful employment, and loss of employment earnings, income and benefits.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgement against the Defendant and:

a Direct the Defendant to make Plaintiff whole by providing her with appropriate lost earnings, wages, and benefits, with prejudgment interest, in amounts to be proved at trial, and otherwise affirmative relief necessary to eradicate the effect of its unlawful employment practices;

b. Direct the Defendant to make Plaintiff whole by providing compensation for pecuniary losses, in amounts to be proved at trial;

c. Direct the Defendant to make Plaintiff whole by providing her with compensation for non-pecuniary losses, including emotional pain, suffering, and mental anguish in amounts to be proven at trial;

d. Direct the Defendant to pay punitive damages for the Defendant's unlawful and intentional employment practices;

e. Direct the Defendant to pay the reasonable costs and attorney's fees under

6

Section 760.11 Florida Statutes, in connection with this action.

f.   Grant such further relief as the Court deems necessary and proper. Plaintiff demands a jury trial on all issues so triable.

### COUNT III: VIOLATION OF FLORIDA STATUTES §760.10, RETALIATION

24. Rosemond realleges paragraphs 1 through 13 as if fully set forth herein.

25. Defendant retaliated against Rosemond in violation of § 760.10(1) and (7), Florida Statutes, based on Rosemond's complaints and objections to discriminatory conduct under the Florida Civil Rights Act, directly resulting in continuing harassment and disparate treatment as well as Plaintiff's employment being terminated.

26. The employment practices complained of herein were unlawful and were done with malice and reckless indifference to Rosemond's protected civil rights.

27. The effect of these unlawful employment practices by Defendant has been to deprive Rosemond of equal employment opportunities and other terms, conditions, and privileges of her employment.

28. As a direct result of the unlawful retaliation Rosemond has suffered mental anguish, emotional harm, loss of gainful employment, loss of earnings and income, and loss of employment benefits.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgement against the Defendant and:

a. Direct the Defendant to make Plaintiff whole by providing her with appropriate lost earnings and employment benefits, including back pay with prejudgment interest, and

front pay, in amounts to be proven at trial;

b. Direct the Defendant to make Plaintiff whole by providing her with compensation for non-pecuniary losses, including emotional pain, suffering, inconvenience, and mental anguish in amounts to be proven at trial;

c. Direct the Defendant to pay punitive damages for the Defendant's unlawful and intentional employment practices;

d. Direct the Defendant to pay the reasonable costs and attorney's fees under Section 760.11 Florida Statutes, in connection with this action.

e. Grant such further relief as the Court deems necessary and proper. Plaintiff demands a jury trial on all issues so triable.

Dated this 19th day of February, 2021.

_____
Steven E. Hovsepian, Esquire
BARBAS, NUNEZ, SANDERS
  BUTLER & HOVSEPIAN
Attorneys for Plaintiff
1802 E. Cleveland Street
Tampa, Florida 33606
Ph: (813) 254-6575
Fax:(813) 254-4690
FBN: 091359
shovsepian@barbaslaw.com

8

| CHARGE OF DISCRIMINATION | FCHR NO. |
|---|---|
| This form is affected by the Privacy Act of 1974; See Private Act Statement before completing this form. | |

| FCHR and EEOC |
|---|
| State of Local Agency, if any |

| NAME (indicate Mr., Ms., Mrs.) | HOME TEL. (include area code) |
|---|---|
| Ms. Victoria Rosemont | (941) 225-9811 |

| STREET ADDRESS - CITY, STATE, ZIP | DATE OF BIRTH: |
|---|---|
| 6457 Rentscher Avenue, North Port, FL 34291 | ~~[redacted]~~ |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (if more than one list below)

| NAME | Number of Employees, Members | Tel. No. |
|---|---|---|
| SDC Fort Myers Botanicals, LLC; d/b/a Surterra Wellness | Believed to be over 50 | |

| STREET ADDRESS | COUNTY |
|---|---|
| 5570 Lee Street, Suite #4, 5, and 6, Lehigh Acres, FL 33971 | Lee, FL |

| NAME | TEL. No. (include area code) (941) 244-5343 |
|---|---|

| STREET ADDRESS | COUNTY |
|---|---|

| CAUSE OF DISCRIMINATION BASED ON (Check appropriate boxes) | DATE DISCRIMINATION TOOK PLACE |
|---|---|
| RACE XX  COLOR ___  SEX XX  RELIGION ___ | EARLIEST: approx January 2019 |
| NATIONAL ORIGIN ___ | LATEST: 6/20/2019 termination |
| RETALIATION XX  AGE ___  DISABILITY ___ | X CONTINUING ACTION |
| OTHER ___ | |

Personal Harm: My employment was terminated on or about June 20, 2019.

Respondent's Reason for Adverse Action: I was told it was due mistakes at work, to which I do not agree, and I was specifically denied training and assistance that was readily provided to other employees not within the same protected classes identified above.

Discrimination Statement: I believe I was discriminated against based on my race, sex, and unlawfully retaliated against, in violation of Title VII of the Civil Rights Act, 42 U.S.C. §2000(e) et. seq., as well as the Florida Civil Rights Act of 1992, Florida Statutes §760.10, as amended.

I want this charge filed with both the EEOC and the State of local agency if any. I will advise the Agencies if change my address or telephone number and cooperate fully with them in the processing of my charge in accordance with their procedures.

NOTARY (when necessary for State and local requirements)

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

I declare under penalty of perjury that the foregoing is true and correct

SIGNATURE COMPLAINANT

Date _____ Charging Party (signature)

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(Day, month, and year) 23/10/2019

Norma L. Pinky
Notary Public
State of Florida
My Commission Expires 2/16/2020
Commission No. FF 960931

EXHIBIT A